IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01417-LTB

CRAIG S. ROBLEDO-VALDEZ,

    Applicant,

v.

SUSAN PAMERLEAU, et al., and
COLO. PAROLE BOARD,

    Respondents.

## ORDER DENYING MOTION FOR RECONSIDERATION

Applicant, Craig S. Robledo-Valdez, has filed *pro se* a "Motion for Reconsideration" (ECF No. 8) asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 6) and the Judgment (ECF No. 7) entered in this action on July 11, 2013. The Court must construe the motion liberally because Mr. Robledo-Valdez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will

consider the Motion for Reconsideration filed by Mr. Robledo-Valdez pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

Mr. Robledo-Valdez initiated this action by filing *pro se* a "Petition for Habeus [sic] Corpus Pursuant to U.S.C. § 2241." On June 4, 2013, Magistrate Judge Boyd N. Boland entered an order directing Mr. Robledo-Valdez to cure certain deficiencies if he wished to pursue his claims in this action. Specifically, Magistrate Judge Boland ordered Mr. Robledo-Valdez to file on the proper form an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and either to pay the $5.00 filing fee or to file a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 along with a certificate from an appropriate jail official showing the balance in his inmate account. Mr. Robledo-Valdez was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days. On June 14, 2013, Mr. Robledo-Valdez filed on the proper forms a Prisoner's Motion and Affidavit for

Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 4) and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 5). However, he failed to cure all of he deficiencies because he failed to submit a certificate from an appropriate jail official showing the balance in his inmate account as directed. Therefore, on July 11, 2013, the Court entered an order dismissing this action without prejudice for failure to cure all of the deficiencies.

Mr. Robledo-Valdez concedes in the Motion for Reconsideration that he did not submit an account statement in support of the 28 U.S.C. § 1915 motion filed in this action. However, he asks the Court to reconsider and vacate the order dismissing this action because he submitted an account statement to the Court in a separate 42 U.S.C. § 1983 action filed at about the same time and he assumed that account statement would be sufficient to support his request to proceed *in forma pauperis* in this action. Mr. Robledo-Valdez also has attached to the Motion for Reconsideration a copy of his account statement dated July 18, 2013.

Upon consideration of the Motion for Reconsideration and the entire file, the Court finds that Mr. Robledo-Valdez fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Robledo-Valdez did not submit an account statement in support of his *in forma pauperis* motion in this action. Furthermore, even if it were appropriate to rely upon an account statement filed in a separate action to support his request to proceed *in forma pauperis* in this action, Mr. Robledo-Valdez never advised the Court that he intended to rely on an account statement submitted in a separate action. Mr. Robledo-Valdez's belated attempt to cure the remaining deficiency in this action also does not convince the Court that the order

dismissing this action should be vacated.

For these reasons, the Motion for Reconsideration will be denied. Mr. Robledo-Valdez is reminded, however, that the Court dismissed the instant action without prejudice. Therefore, if Mr. Robledo-Valdez wishes to pursue his claims, he may do so by filing a new action. Accordingly, it is

ORDERED that the Motion for Reconsideration (ECF No. 8) is DENIED.

DATED at Denver, Colorado, this  26th  day of   July  , 2013.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court